LAW OFFICES OF JAMES W. SPERTUS
James W. Spertus (SBN 159825)
1990 S. Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com

ZUCKERMAN SPAEDER LLP
Cyril V. Smith (*Pro Hac Vice*)
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
Telephone (410) 949-1145
Facsimile: (410) 659-0436
csmith@zuckerman.com

[Additional counsel listed on signature page]

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE P. EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>THE FIRST AMERICAN CORPORATION and FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. CV07-03796 SJO (FFMX)<br><br>Hon. Frederick F. Mumm<br><br>**PLAINTIFFS'** *EX PARTE* **APPLICATION FOR LEAVE TO DEPOSE MARILYN MANNARINO** *DE BENE ESSE*<br><br>**DISC. CUTOFF: 02/25/2013** |

Plaintiffs, by their undersigned counsel, pursuant to Fed. R. Civ. P. 30(a)(2)(B), hereby apply ex parte for leave to take the *de bene esse* deposition of Marilyn Mannarino on February 19, 2013 at 9:30 a.m., or as soon thereafter as permitted by the BOP, at the Federal Bureau of Prisons ("BOP") in Alderson, West

Virginia, where she is presently incarcerated. Pursuant to Local Rule 7-19, notice was provided to opposing counsel on February 7, 2013, and the Defendants oppose this application. Defendants plan to file a written opposition to this ex parte application within the time constraints set forth in the Local Rules and this Court's standing orders.

The matters set forth in this application have been the subject of numerous lengthy exchanges between and among counsel over the past six weeks, including by letter, e-mail and conference call. *See* Ex. "A," Declaration of Robert Shaffer. Despite exhaustive efforts to reach an agreement on this and many other discovery matters, Defendants have withheld their consent to this application on essentially two grounds: (1) that Ms. Mannarino has not and will not give her consent to be deposed in this case; and (2) if Ms. Mannarino continues to withhold her consent, the officials at Alderson prison cannot force her to attend the deposition against her will, even if she has been ordered to do so pursuant to a deposition subpoena.

As explained below, Ms. Mannarino's lack of consent or cooperation is not a reason to deny Plaintiffs' application for leave to depose her. This excuse has been interposed solely to frustrate Plaintiffs' ability to obtain critical evidence in this case for trial. Because Defendants have refused to consent to Plaintiffs' application for leave to depose Ms. Mannarino, and because the discovery deadline in this case is fast approaching, Plaintiffs have been forced to seek relief on an *ex parte* emergency basis.

## Background

Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, by paying the owners of Tower City Title Agency, LLC ("Tower City") approximately $2 million in exchange for a 17.5% ownership interest in the agency and Tower City's written agreement to refer title insurance business to First American. The Court has certified

for class action treatment the RESPA claims of all Class members whose transactions occurred from June 12, 2006 to November 9, 2006.

For more than six weeks, Plaintiffs' counsel have been diligently pursuing dates from Defendants' counsel to conduct several key depositions prior to the February 25, 2013 discovery deadline. Weeks ago, Plaintiffs were able to confirm a date for the deposition of defendants' expert witness, Bruce Strombom, on February 22, 2013 in California. But securing agreed dates from Defendants' counsel for the remaining four non-expert witnesses has proven to be extremely difficult.

Several weeks ago, Plaintiffs notified Defendants that they wished to depose the following four non-expert witnesses prior to the February 25, 2013 deadline for discovery: (1) James Stipanovich, a former employee of Defendants who was personally involved in the First American-Tower City relationship (Mr. Stipanovich's affidavit has previously been submitted to this Court, and also to the Supreme Court); (2) Sam Halkias, also a former employee of Defendants who was involved in the First American-Tower City relationship; (3) Craig Syby, a former employee of Tower City whose affidavits have been submitted to the Court on two occasions; and (4) Marilyn Mannarino, the former owner and President of the now-defunct Tower City. Plaintiffs' counsel indicated that they were available to conduct these four key fact witness depositions during the week of February 11-15, February 18-19, or on February 25, 2013.[1] Messrs. Stipanovich, Halkias and Syby each reside in Ohio. Ms. Mannarino is in the custody of the BOP in Alderson, West Virginia, where she is serving a one-year sentence after pleading guilty to two

---

[1] As noted, the parties had previously agreed that Plaintiffs would depose Mr. Strombom in Los Angelos, California on Friday, February 22, requiring Plaintiffs' counsel to travel from the east coast the prior day. The parties also recently entered into a stipulation to depose Stipanovich, Halkias and Syby in March, subject to court approval.

3

*EX PARTE APPLICATION FOR LEAVE TO TAKE DE BENE ESSE DEPOSITION OF MARILYN MANNARINO*

counts of conspiracy to commit bank fraud and money laundering. She is not expected to be released until August 18, 2013, well after the June 25, 2013 trial date in this case.[2] Because Ms. Mannarino is in custody, special arrangements had to be made to facilitate her deposition in prison. Before those plans could be made, however, Plaintiffs had to first obtain leave to take her deposition pursuant to Federal Rule 30(a)(2).

After preliminary discussions among counsel, Defendants initially agreed to tentatively schedule Ms. Mannarino's deposition on February 19, 2013, subject to Plaintiff obtaining leave of Court to depose her in prison. After several days of additional discussions and negotiations over the terms and conditions of the Mannarino deposition, on Friday, February 1, 2013, Defendants' counsel expressed a willingness to consent to an application seeking leave to depose Ms. Mannarino on February 19, only to change their minds on February 4, 2013, on the asserted ground that it would be futile for Plaintiffs to attempt to depose Ms. Mannarino because she had refused to consent to a deposition or otherwise cooperate with Plaintiffs. A copy of a letter received from Defendant's counsel on February 4, 2013, is attached hereto as Exhibit "A" to this Application.

### Rule 30(a)(2)

Fed. R. Civ. P. 30(a)(2)(B) requires a party to seek leave of court to depose a person confined in prison. Consent is not a requirement to obtain leave to conduct a deposition. Rather, Rule 30(a)(2) provides that "the court must grant leave to the extent consistent with Rule 26(b)(2)." Rule 26(b)(2), in turn, sets out the court's

---

[2] Ms. Mannarino's whereabouts were unknown to Plaintiffs until recently. Counsel's attempts to locate Ms. Mannarino at her last known home and business addresses in Ohio, and in the State of Florida, where she was believed to have relocated, proved unsuccessful. Approximately two weeks ago, Plaintiffs' counsel first learned that Ms. Mannarino was incarcerated at FPC Alderson and immediately notified Defendants' counsel in order to discuss arrangements for her deposition.

4
*EX PARTE APPLICATION FOR LEAVE TO TAKE DE BENE ESSE
DEPOSITION OF MARILYN MANNARINO*

authority to limit discovery and certain proportionality considerations to better manage discovery.  For instance, the court may consider (1) whether the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other sources; (2) whether the party seeking discovery has had ample opportunity to obtain the information by other means in discovery; and (3) whether the burden or expense of the discovery sought outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  *See generally*, 8A Wright, et al., *Federal Practice & Procedure* § 2104 (3d ed. 2010) (collecting cases).  *See also, El Camino Resources v. Huntington National Bank,* 2009 WL 1228680 (W.D.Mich., 2009) (granting leave to depose former bank officer in custody). There is no dispute that Ms. Mannarino is a material witness.  Plaintiffs also believe that the proportionality factors set forth in Rule 26(b)(2)(C)(i)-(iii) favor granting Plaintiffs leave to depose Ms. Mannarino, and that the deponent's consent is not required where, as here, Plaintiffs intend to serve her with a deposition subpoena.

Ms. Mannarino was the principal owner and officer of Tower City at the time of Tower City's agreement with Defendants.  Upon information and belief, she was personally involved in the transaction with First American that forms the basis of the alleged RESPA violations in this class action.  Upon information and belief, she negotiated and executed, both individually and on behalf of Tower City, the written agreement under which the business transaction at issue here was completed.  One of the key issues in this case concerns whether Defendants paid Tower City "any fee, kickback, or thing of value" in return for referrals of title insurance business in a mortgage loan transaction.   Because Ms. Mannarino was personally involved in the transaction with First American that forms the basis of the alleged RESPA violations in this class action, Plaintiffs believe that she has relevant information regarding this and other material issues in the case.

Plaintiffs have not obtained from any other source the information they reasonably believe Ms. Mannarino would have. Indeed, Plaintiffs believe that Ms. Mannarino's knowledge and information about the First American transaction is unique and cannot be obtained from anyone formerly associated with now-defunct Tower City.

Ms. Mannarino has not been deposed in this case and her pre-trial testimony is not available through other means of discovery.

The burden and expense of deposing Ms. Mannarino – other than the considerable administrative details of arranging the deposition with BOP, all of which Plaintiffs' counsel has handled – are consistent with the other depositions taken by the parties in this case. The likely benefit of this critical discovery plainly outweighs that cost or burden to the parties. Ms. Mannarino has information regarding the details of the sale of Tower City to First American that is within the broad scope of discovery permitted by Rule 26, and that cannot be obtained from any other source.

Because Ms. Mannarino is confined at FPC Alderson, the most appropriate and effective way to preserve her testimony for possible use at trial would be to depose her by video recording. Assuming this Court grants Plaintiffs leave to depose Ms. Mannarino, the parties have discussed at length several additional matters requested by Defendants before Ms. Mannarino's deposition may occur. Plaintiffs' counsel has already taken certain steps to increase the likelihood that these requirements can be met by the proposed February 19 deposition date.[3]

---

[3] In the event Ms. Mannarino refuses to comply with a validly-issued deposition subpoena, Plaintiffs reserve their right to procure her appearance at trial through a issuance of a writ of habeas corpus commanding her appearance pursuant to 28 U.S.C. §2241(c)(5), which codifies the common law authority of federal courts to issue writs of habeas corpus *ad testificandum* and *ad prosequendum*, and/or to use prior sworn deposition testimony that Ms. Mannarino provided in another matter.

6

*EX PARTE APPLICATION FOR LEAVE TO TAKE DE BENE ESSE DEPOSITION OF MARILYN MANNARINO*

First, assuming leave is granted, Plaintiff must serve Ms. Mannarino with a subpoena issued by the United States District Court for the Southern District of West Virginia, requiring her appearance at the deposition at FCP Alderson on February 19, 2013. This must be coordinated through BOP. Second, pursuant to the internal policies and procedures of BOP and FPC Alderson, the parties must complete and submit certain forms and other information to the prison officials, including the names, addresses and social security numbers of all attendees, so the prison can perform background checks on those individuals and facilitate their access to the prison facility on the date of the deposition. Finally, once these submissions have been made, the warden of FPC Alderson must approve the request.

Subject to obtaining leave of court and other necessary approvals, the prison officials at Alderson have agreed to facilitate the videotape deposition of Ms. Mannarino in a secure and private location at the prison. As of Friday, February 1, 2013, Defendants had expressed a willingness to consent to an application for Leave to depose Ms. Mannarino, subject to a number of conditions, including the following: (1) that a representative of Defendants would be allowed to attend the deposition; (2) that the presumptive seven-hour time limit for depositions would be shared equally between the sides (*i.e.*, 3.5 hours for Plaintiff and 3.5 hours for Defendants); and (3) that a phone would be made available to the parties during the deposition. All of these conditions are acceptable to Plaintiffs, and BOP/FPC Alderson has advised that these conditions will be met at the deposition.

Notwithstanding these concessions, Defendants sought three additional conditions which are unacceptable to Plaintiffs, but which Plaintiffs believe are unnecessary and should not prevent the Court from granting leave to proceed with the Mannarino deposition as planned. The additional conditions requested by Defendants are as follows: (1) that Plaintiffs agree not to use Ms. Mannarino's

7

*EX PARTE APPLICATION FOR LEAVE TO TAKE DE BENE ESSE DEPOSITION OF MARILYN MANNARINO*

videotape deposition at trial unless she can appear for a deposition in civilian attire; (2) that Plaintiffs agree not to make any reference to or inquire about during the deposition Ms. Mannarino's criminal history, her current incarceration, or the circumstances related to her conviction or incarceration; and (3) that Plaintiffs first obtain Ms. Mannarino's consent to the deposition.

With respect to the first requested condition (civilian clothing), the prison officials at FPC Alderson have indicated to Plaintiffs' counsel that prison policy and security considerations prohibit Ms. Mannarino from wearing civilian clothing at any time while inside the secure facility. Notwithstanding this, Plaintiffs have agreed to focus the video camera on Ms. Mannarino's face, and to avoid (to the extent possible) capturing Ms. Mannarino's prison clothing on the video.

Defendants' second condition (no reference to Ms. Mannarino's criminal history) is inappropriate because the deposition is being taken for both discovery and for possible use at trial. Plaintiffs suggest that both of these issues should be resolved by the Court at a later date, such as by a motion *in limine*. Plaintiffs cannot control what Ms. Mannarino wears in prison. They would reserve their right to inquire about Ms. Mannarino's criminal history and the circumstances surrounding her current confinement. Similarly, Defendants would reserve their objections to Ms. Mannarino's dress or any questions about her criminal history, and they could move to exclude this testimony or the use of the videotape portion at the time of trial, if appropriate.

The parties' attempt to reach agreement on these matters ultimately foundered on their inability to agree about whether Ms. Mannarino's prior consent to be deposed was necessary. Defendants seem to suggest that leave to depose Ms. Mannarino is inappropriate or would be futile unless she gives her consent, which apparently she is unwilling to do. Plaintiffs disagree. There is no requirement in Rule 30 that an inmate agree to be deposed before leave is granted, and Plaintiffs are

unaware of any other justification for refusing to grant them leave to depose Ms. Mannarino whether or not she consents.

Defendants' contention that Ms. Mannarino must first consent to be deposed appears to be based upon a misinterpretation of the 2008 Legal Resource Guide published by the BOP. Section F.6 of the Legal Resource Guide, entitled "Inmate Involvement in Litigation While Incarcerated," provides as follows:

> Should an attorney wish to take an inmate's deposition, the attorney must contact the inmate directly. If the inmate wishes to cooperate, the attorney should then contact the relevant BOP Consolidated Legal Center (CLC) covering the institution in which the deposition is to be held, to assist in making arrangements. Visiting regulations apply, and all equipment is subject to search. Leave of court must be obtained prior to taking any deposition of a federal inmate. See Fed. R. Civ. P. 30(a)(2). At the discretion of the Warden, a room may be made available for the deposition, should the inmate consent to be deposed.

Legal Resource Guide, § F(6)(a), an excerpt of which is attached hereto as Exhibit "B" to this Application. But subsection (c), which concerns service of subpoenas on inmates, provides as follows: "The BOP will not accept service of process for an inmate. Anyone desiring to serve an inmate may use a local process server, or otherwise follow local court procedures in the jurisdiction in which the inmate is housed. Contact the local institution for specific information." *Id*. at § F(6)(c).

Plaintiffs believe that subsections (a) and (c) must be read in conjunction with one another. Clearly, the former provision applies when "the inmate wishes to cooperate" with the deposition, which is common in civil rights and personal injury litigation where the inmate is a party. Subsection (c) applies in instances where, as here, the witness is uncooperative, requiring issuance of a subpoena. In other words, an inmate's consent to a deposition ordinarily is required under subsection (a), *unless* the inmate has been ordered to appear and submit to a deposition by subpoena served pursuant to subsection (c). Obviously, if Ms. Mannarino, once

ordered to appear for her deposition, refuses to do so, then the deposition will not proceed at that time. But there is no way to know in advance whether Ms. Mannarino will or will not comply with a validly issued subpoena before the subpoena is even served. And it would be wholly unfair to Plaintiffs if a witness who is incarcerated could avoid a deposition simply by withholding, in advance of service of a subpoena, consent to be deposed. No witness, whether incarcerated or not, has the unilateral authority to refuse to comply with a court order.

Plaintiffs' counsel has made arrangements with the prison officials to facilitate service on Ms. Mannarino while she is at FPC Alderson.

## CONCLUSION

For the reasons set forth above, Plaintiff requests leave to take the *de bene esse* deposition of Marilyn Mannarino on February 19, 2013 at 9:30 a.m., or as soon thereafter as permitted by the BOP, at the Federal Bureau of Prisons ("BOP") in Alderson, West Virginia, where she is presently incarcerated.

Respectfully submitted,

DATED: February 7, 2013     LAW OFFICES OF JAMES W. SPERTUS

By:  /S/
     James W. Spertus
     Ezra D. Landes
     1990 S. Bundy Dr., Suite 705
     Los Angeles, CA 90025

     [signature lines continue]

Cyril V. Smith
William K. Meyer
Robert T. Shaffer, III
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Telephone: (410) 332-0444
Facsimile: (410) 659-0436

Richard S. Gordon
Benjamin H. Carney
GORDON & WOLF, CHTD.
102 West Pennsylvania Avenue, Suite 402
Towson, Maryland 21204
Telephone: (410) 825-2300
Facsimile: (410) 825-0066

Edward G. Kramer
THE FAIR HOUSING LAW CLINIC
3214 Prospect Avenue, East
Cleveland, Ohio 44115
Telephone: (216) 431-5300
Facsimile: (216) 431-6149

Attorneys for Plaintiffs

LAW OFFICES OF JAMES W. SPERTUS
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TEL (310) 826-4700 • FAX (310) 826-4711