JS-6

JAMES W. SPERTUS (SBN 159825)
SPERTUS, LANDES & UMHOFER, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES. CA, CA 90025
Tel. No: (310) 826-4700
Fax No: (310) 826-4711
Email: jim@spertuslaw.com

CYRIL V. SMITH (*Pro Hac Vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
Tel. No: (410) 949-1145
Fax No: (410) 659-0436

Attorneys for Plaintiff Denise P. Edwards

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE P. EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>THE FIRST AMERICAN CORPORATION, FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. CV 07-03796 SJO (FFMX)<br><br>**[~~PROPOSED~~] ORDER FOR FINAL APPROVAL OF SETTLEMENT** |

This matter came before the Court for hearing under this Court's Order, dated June 20, 2016 (Docket 517) (the "Preliminary Approval Order") and on Plaintiff's Memorandum in Support of Final Approval of Settlement (Docket 530) which this Court has construed as the parties' Joint Motion for Final Approval of a Settlement Agreement dated May 11, 2016 (the "Settlement Agreement," previously submitted at Docket 506-2), as amended by the Addendum to Class Action Settlement Agreement dated on or about October 11, 2016 (the "Addendum") (the Settlement Agreement and Addendum collectively referred to

1.

herein as the "Settlement Agreement"). Due and adequate notice having been given to the certified Tower City Class and the proposed Settlement Class (collectively, the "Class") as required in the Preliminary Approval Order, and the Court having considered all papers filed, proceedings herein, and otherwise being fully informed, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates the Settlement Agreement's definitions by reference, and all terms used herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over this action and over all parties to this action, including all Class Members.

3. The Court finds that the Motion should be, and hereby is, GRANTED.

4. The Court finds that the Settlement Agreement provides substantial benefit to the Class Members in return for a release and dismissal of the claims at issue in this case against First American and is, in all respects, fair, just, reasonable and adequate to the Class and, therefore, finally approves the Settlement under Fed. R. Civ. P. 23(e), and directs the Settlement Agreement's terms to be performed as stated therein.

5. The Court finds that, for the purpose of this Settlement, the proposed Settlement Class satisfies the prerequisites of Rule 23(a) because the class is so numerous that joinder or all members is impracticable, there are numerous questions of law or fact common to the Settlement Class, the claims of Plaintiff are typical of claims of the Settlement Class, and Plaintiff will fairly and adequately protect the interests of the Settlement Class. The Court certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) because the Court finds that, for the purposes of this Settlement, the questions of law or fact common to Settlement Class Members predominate over any questions affecting only

SPERTUS, LANDES & UMHOFER, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. The Settlement Class is certified for the claims asserted in Count I of the complaint for First American's alleged violation of 12 U.S.C. § 2607(a), and the Settlement Class is defined as all persons who: (1)(a) paid for; (b) a First American title insurance policy; (c) issued by an Implicated Title Insurance Agent listed on Exhibit C to the Settlement Agreement; (d) during the Settlement Class Period of June 12, 2006 to May 11, 2016; (e) that insured a residential property; and (2) were not the sellers of the property insured. Class Members shall be bound by the Settlement, the Settlement Agreement and releases contained therein, and this Order and Final Judgment, and do not have any further opportunity to opt-out of this litigation.

7. Any Class Member who did not timely file and serve an objection in writing to the Settlement Agreement, to the Entry of this Order and Final Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedures set forth in the Settlement Notice or Tower City Settlement Notice is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

8. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints as Class Counsel for the Settlement Class the law firms of Zuckerman Spaeder LLP and Spertus, Landes, & Umhofer LLP.

9. The Complaint and all claims asserted therein, including all claims of the Tower City Class and the Settlement Class, but excluding any individual claims of Settlement Class members, identified in Exhibit D to the Bithell Declaration filed by Plaintiffs on September 9, 2016 (Docket 530-1), who have validly and timely requested exclusion from the Settlement Class ("Excluded Settlement Class Members"), are dismissed with prejudice. Specifically excluded from the scope of this Order and Final Judgment and are any claims for coverage

1 or overcharges on premiums made by any person pursuant to or arising under any policy for title insurance.  The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

10. On the Effective Date, Plaintiff and all Class Members, except Excluded Settlement Class Members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Parties from any all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses, whether liquidated or unliquidated, whether known or unknown, whether under state or federal law, that were or could have been asserted in the Action, or are based on or in any way related to First American's conduct as alleged in the Complaint.

11. The Tower City Class Notice, the Tower City Direct Notice of Settlement, the Tower City Long Form Settlement Notice, the Settlement Direct Notice, the Settlement Long Form Notice, and the Settlement Publication Notice (collectively, the "Notice") given to the Tower City Class and the Settlement Class were the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort, and said Notice fully satisfied the requirements of applicable law, including Rule 23(c)(2), Rule 23(e)(4), and the Due Process Clause of the United States Constitution.

12. Except in connection with the enforcement of the provisions of the Settlement Agreement, the Settlement and the Settlement Agreement, and any act performed or document executed under or in furtherance of the Settlement and the Settlement Agreement or any negotiation, discussion or proceedings in connection with the Settlement and the Settlement Agreement shall not be offered or received against any Party for any reason including, without limitation, as evidence of or

*[PROPOSED]* ORDER FOR FINAL APPROVAL OF SETTLEMENT

construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted in the Complaint, or in any litigation, or the deficiency of any defense that was or could have been asserted in this action, or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Defendants.

13. Without affecting this Judgment's finality in any way, this Court hereby retains continuing jurisdiction over implementation of the Settlement Agreement and all Parties.

14. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

15. If the Settlement does not become Final in accordance with the Settlement Agreement, then (i) this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and (ii) the parties shall immediately revert to their litigation positions as of March 4, 2016.

16. The procedures set forth in Rule 23(h) regarding Plaintiffs' Motion for Attorneys' Fees have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees and costs.

17. The Court approves the Weingart Center, 566 South San Pedro Street, Los Angeles, CA 90013, as the Cy Pres Recipient pursuant to the Addendum.

18. The Court finds that this Order and Judgment constitutes a final adjudication on the merits of this action, and should be entered without delay. Accordingly, the Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

DATED: October 14, 2016    _____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE