JAMES W. SPERTUS (SBN 159825)
SPERTUS, LANDES & UMHOFER, LLP
1990 S. BUNDY DR., SUITE 705
LOS ANGELES. CA, CA 90025
Tel. No: (310) 826-4700
Fax No: (310) 826-4711
Email: jim@spertuslaw.com

CYRIL V. SMITH (*Pro Hac Vice*)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
Tel. No: (410) 949-1145
Fax No: (410) 659-0436

Attorneys for Plaintiff Denise P. Edwards

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE P. EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>THE FIRST AMERICAN CORPORATION, FIRST AMERICAN TITLE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. CV 07-03796 SJO (FFMX)<br><br>**[PROPOSED] ORDER FOR AWARD OF INCENTIVE AWARD, ATTORNEYS' FEES AND COSTS** |

Upon consideration Plaintiff Denise Edwards's Motion for Attorneys' Fees with supporting declarations ("Motion") (Docket 525), Defendants Non-opposition to that Motion (Docket 526), and upon consideration of the Settlement Agreement executed between the parties ("Settlement") (Docket 506-2), as amended by the Addendum to Class Action Settlement Agreement dated on or about October 11, 2016, Plaintiff Denise Edwards's Memorandum in Support of Final Approval of Settlement (Docket 530), which the Court has construed as the parties' Joint Motion for Final Approval of Settlement (Docket 531), and for good

1.

cause shown, the Court hereby GRANTS the Motion and makes the following findings and orders:

1. The Court finds that Plaintiff's request for the payment of $15,000 as an incentive award is appropriate and warranted, given the services the Class representative provided to the Class, the considerable time and effort that she devoted to the investigation and prosecution of this action, the risks she incurred, and the benefit she has achieved for the Class. *Dyer v. Wells Fargo Bank,* 303 F.R.D. 326, 336 (N.D. Cal. 2014).

2. Plaintiff is a "prevailing party" within the meaning of 12 U.S.C. § 2607(d)(5) in light of (a) the primarily injunctive relief achieved by the Settlement, which this Court previously found to be "significant" and which would not have been achieved outside this Settlement (Docket 517 at 17) and which will achieve what Congress identified as the central purpose of RESPA, i.e., "eliminate[ing] kickbacks or referral fees that tend to increase unnecessarily the costs" of title insurance (12 U.S.C. § 2601(b)(2)); and (b) monetary relief for members of both the Tower City Class and the Settlement Class also achieved by the Settlement.

3. The Court also finds that Class Counsel's request for an award of $5,260,000 in attorneys' fees is reasonable under Rule 23(h) and 12 U.S.C. § 2607(d)(5), calculated by—and in fact $1,140,000 less than—Class Counsel's lodestar, and is consistent with typical awards to attorneys in this and other Districts.

4. The hours expended by Class Counsel are reasonable in light of the case's complexity, intensity, and duration. The hourly billing rates of Class Counsel are reasonable and are consistent with billing rates of attorneys in the relevant market(s) with comparable skill and experience.

5. The litigation expenses incurred by Class Counsel in connection with this matter, approximately $490,000, are also fair and reasonable, and should be awarded to Class Counsel pursuant to Rule 23(h) and 12 U.S.C. § 2607(d)(5).

6. Pursuant to Section III.A(5) of the Settlement, First American has agreed to pay—separate from payments to Class members—up to $5,750,000 ($5,260,000 in attorneys' fees and $490,000 in expenses).

7. The Court notes that First American has filed its Non-Opposition to Class Counsel's Motion (Docket 526).

8. Upon consideration of the foregoing, the Court finds that the requested service award, attorneys' fees and costs are reasonable and justified, and the Court GRANTS the relief requested.

9. This document constitutes the Court's findings of fact and conclusions of law pursuant to Rules 23(h) and 52(a).

THEREFORE, it is hereby ordered that:

A. Plaintiff and Class Representative, Denise Edwards, be awarded the sum of $15,000 as a service award in this action;

B. Class Counsel be awarded the sum of $5,260,000, for attorneys' fees to investigate, litigate, and settle this class action;

C. Class Counsel be awarded the sum of $490,000 as reimbursement for Class Counsel's out-of-pocket expenses incurred in connection with this matter; and

D. Epiq shall make distributions of the foregoing consistent with the terms of the Settlement Agreement.

IT IS SO ORDERED.

DATED: October 14, 2016        _S. James Otero_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

cc:Fiscal